UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT

CASE NO.

DAVID JACK WILKINSON,

    Plaintiff,

v.

NEXTERA ENERGY, INC.,
a Florida profit corporation

    Defendant.
_____/

## COMPLAINT

Plaintiff, DAVID JACK WILKINSON [hereinafter referred to as "Wilkinson" or "Plaintiff"], by and through his undersigned counsel, files this Complaint against NEXTERA ENERGY, INC., a Florida profit corporation and as grounds states as follows:

### PRELIMINARY ALLEGATIONS

1.    Plaintiff brings this action against Defendant for unpaid overtime violations under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*. ("FLSA"). Plaintiff is suing Defendant for intentionally misclassifying him as an independent contractor in violation of FDUTPA.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over the claims herein pursuant to 29 U.S.C. § 201, *et seq*. ("FLSA").

3.    Plaintiff during his employment with Defendant worked for Defendant at its Palm Beach County location.

4. Defendant NEXTERA ENERGY, INC. [hereinafter referred to as "NEXTARA" or "Defendant"] has a principal location is 700 Universe Boulevard, Juno Beach, FL 33408.

5. Venue is proper in that Plaintiff worked for Defendant at its Palm Beach County location and Defendant has a principal place of business in Palm Beach County.

## COMMON ALLEGATIONS

6. Defendant hired Plaintiff in or about June 6, 2006 as an Engineer.

7. Plaintiff was not Defendant's independent contractor; Plaintiff was an employee as defined by the FLSA.

8. Plaintiff used Defendant's offices to perform his assigned tasks.

9. Plaintiff used Defendant's vehicles and fuel to perform his job functions.

10. Defendant told Plaintiff what work needed to be done and when to complete it.

11. Plaintiff relied on Defendant for his daily work tasks just like any other employee.

12. Plaintiff's duties include reviewing documents and completing projects at FPL's direction.

13. Plaintiff did not supervise employees.

14. Plaintiff did not set employee schedules.

15. Plaintiff did not have the authority to hire or fire employees.

16. Plaintiff did not have the authority to set rates of pay.

17. Plaintiff did not implement company policies or procedures.

18. Plaintiff did not have the authority to discipline employees.

19. Plaintiff did not exercise independent judgment.

20. Plaintiff regularly worked in excess of forty (40) hours per week every week.

21. However, Defendant failed to pay Plaintiff for all overtime hours worked in excess of forty (40) hours per week.

22. At all times material hereto, Plaintiff performed the essential functions of his job in a professional and competent manner.

23. While employed by Defendants, Plaintiff was a non-exempt employee as that term is defined by the FLSA.

24. Defendants fraudulently issued Plaintiff a 1099 instead of a W-2.

25. As a result of not being a W-2 employee, Plaintiff did not receive benefits he was otherwise entitled to, including but not limited to, the following: health insurance; disability insurance; dental insurance; holiday pay; vacation pay; sick pay; matching retirement contributions, and; contributions toward his pension.

26. However, because Plaintiff was issued a 1099, he was required to carry liability insurance, professional liability insurance, worker's compensation insurance and other insurance that W-2 employees were not required maintain.

27. Plaintiff was further required to pay for his own professional credentials, including his professional license, for which all W-2 employees were reimbursed but he was not.

28. Plaintiff has exhausted all administrative remedies, if any, for this action and all conditions precedent to the filing of this action have been fulfilled and met by Plaintiff or waived by Defendant.

29. Plaintiff has retained the undersigned law firm to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

Plaintiff re-alleges Paragraphs 1 through 29 as set forth herein.

30. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

31. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks he was employed with the Defendant.

32. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

33. Defendant, failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

34. The Defendant's, failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which he was not compensated in the preceding period of time.

35. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

36. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent his in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

37. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

38. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit; that a declaratory judgment be issued under Fed. R. Civ. P. 57; Plaintiff be awarded actual damages or a minimum of $5,000.00 penalty (whichever is greater) pursuant to 26 U.S.C. § 7434(b); and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF FDUTPA

39. Plaintiff re-alleges Paragraphs 1 through 29 as set forth herein.

40. The actions of Defendant are unfair and deceptive trade practices prohibited by Florida Statutes.

41. Defendants knew that Plaintiff was not an independent contractor and was, instead, an employee.

42. This fraudulent and unlawful practice of intentionally misclassifying Plaintiff's position as an independent contractor position serves to enhance Defendant's gross revenues by avoiding federal payroll and unemployment tax obligations while prejudicing law-abiding competing businesses.

43. As a direct and proximate result of Defendant's acts, Plaintiff suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit; that a declaratory judgment be issued under Fed. R. Civ. P. 57; Plaintiff be awarded actual damages or a minimum of $5,000.00 penalty (whichever is greater) pursuant to 26 U.S.C. § 7434(b); and that Plaintiff be awarded other and further relief as the Court deems just and proper.

### COUNT III
### VIOLATION OF 26 U.S.C. Sec. 7434

44. Plaintiff re-alleges Paragraphs 1 through 29 as set forth herein.

45. Defendant violated 26 U.S.C. Sec. 7434 by willfully filing fraudulent information returns.

46. Defendant issued Plaintiff several 1099s.

47. Defendant did not issue Plaintiff a W-2.

48. Defendant was supposed to issue Plaintiff a W-2 since his employment began in 2006.

49. Plaintiff is entitled to damages resulting in harm to him for Defendant's violation of this statute.

50. As a direct and proximate result of Defendant's acts, Plaintiff suffered and continues to suffer damages.

51. Pursuant to 26 U.S.C. Sec. 7434(d), a copy of this Complaint was served on the U.S. Internal Revenue Service, 1700 Palm Beach Lakes Blvd., West Palm Beach, FL 33401.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit; that a declaratory judgment be issued under Fed. R. Civ. P. 57; Plaintiff be awarded actual damages or a minimum of $5,000.00 penalty (whichever is greater) pursuant to 26 U.S.C. § 7434(b); and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial on and for all issues so triable.

Respectfully submitted this 15th day of August, 2017.

>SCOTT WAGNER & ASSOCIATES, P.A.
>Jupiter Gardens
>250 South Central Boulevard
>Suite 104-A
>Jupiter, FL 33458
>Telephone: (561) 653-0008
>Facsimile: (561) 653-0020
>
>s/Allison B. Duffie
>Allison B. Duffie, Esq.
>Florida Bar No. 649902
>Primary e-mail: ADuffie@scottwagnerlaw.com
>Secondary e-mail: mail@scottwagnerlaw.com
>Secondary Address: 101 Northpoint Parkway
>West Palm Beach, FL 33407
>www.ScottWagnerLaw.com