UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT

CASE NO. 9:17-cv-80948-RLR

DAVID JACK WILKINSON,

    Plaintiff,

v.

FLORIDA POWER & LIGHT COMPANY,
a Florida profit corporation, and MBO
PARTNERS, INC., a foreign profit corporation

    Defendants.
_____/

**AMENDED COMPLAINT**

    Plaintiff, DAVID JACK WILKINSON ("Wilkinson" or "Plaintiff"), by and through his undersigned counsel, files this Amended Complaint against FLORIDA POWER & LIGHT COMPANY ("FPL") and MBO PARTNERS, INC. ("MBO") (collectively referred to as "Defendants") and as grounds states as follows:

**PRELIMINARY ALLEGATIONS**

    1.    Plaintiff brings this action against Defendant for unpaid overtime violations under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA"). Plaintiff is suing Defendant for intentionally misclassifying him as an independent contractor in violation of FDUTPA.

**JURISDICTION AND VENUE**

    2.    This Court has jurisdiction over the claims herein pursuant to 29 U.S.C. § 201, *et seq.* ("FLSA").

    3.    Plaintiff during his employment with Defendants worked for Defendant at its Palm Beach County location.

4. Defendant FLORIDA POWER & LIGHT is a Florida profit corporation with a principal address at 700 Universe Boulevard, Juno Beach, FL 33408 and locations throughout Florida.

5. Defendant MBO PARTNERS, INC. is a Virginia profit corporation with a principal address at 13454 Sunrise Valley Drive, Suite 300, Herndon, VA 21071 who is licensed to and does conduct business in the state of Florida.

6. Venue is proper in that Plaintiff worked for Defendant FPL at its Palm Beach County location and has a principal place of business in Palm Beach County. Defendant MBO is licensed to and conducts business in Palm Beach County, Florida.

7. Defendant FPL is a joint employer of the Plaintiff, as that term is defined under the FLSA.

8. Defendant MBO is a joint employer of the Plaintiff, as that term is defined under the FLSA.

9. Defendants, and each of them, failed to pay Plaintiff the mandatory wages as required under state and federal law.

10. Defendants, and each of them, have annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

11. Defendants, and each of them, at all times material hereto, were an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

## JOINT EMPLOYERS

12. At all times relevant hereto, Plaintiff received paychecks from MBO, controlled payments to Plaintiff, was provided tax documents by MBO, directed to work site by MBO, and was otherwise employed by MBO.

13. At all times relevant hereto, FPL was involved in Plaintiff's employment including:

   a. FPL gave daily work assignments to Plaintiff;

   b. FPL made decisions about directing Plaintiff's work;

   c. FPL provided Plaintiff a security badge;

   d. FPL determined Plaintiff's security clearance;

   e. FPL set Plaintiff's hours;

   f. FPL trained Plaintiff on various aspects of his employment;

14. Defendant MBO is an employer of Plaintiff under the Fair Labor Standards Act ("FLSA").

15. Defendant FPL is an employer of Plaintiff under the Fair Labor Standards Act ("FLSA") and Florida law.

16. MBO and FPL are joint employers of the Plaintiff.

## COMMON ALLEGATIONS

17. Defendant hired Plaintiff in or about June 6, 2006 as an Engineer.

18. Plaintiff was not Defendants' independent contractor; Plaintiff was an employee as defined by the FLSA.

19. Plaintiff used Defendant FPL's offices to perform his assigned tasks.

20. Plaintiff used Defendant FPL's vehicles and fuel to perform his job functions.

21. Both Defendants told Plaintiff what work needed to be done and when to complete it.

22. Plaintiff relied on Defendants for his daily work tasks just like any other employee.

23. Plaintiff's duties include reviewing documents and completing projects at Defendants' direction.

24. Plaintiff did not supervise employees.

25. Plaintiff did not set employee schedules.

26. Plaintiff did not have the authority to hire or fire employees.

27. Plaintiff did not have the authority to set rates of pay.

28. Plaintiff did not implement company policies or procedures.

29. Plaintiff did not have the authority to discipline employees.

30. Plaintiff did not exercise independent judgment.

31. Plaintiff regularly worked in excess of forty (40) hours per week every week.

32. However, Defendants failed to pay Plaintiff for all overtime hours worked in excess of forty (40) hours per week.

33. At all times material hereto, Plaintiff performed the essential functions of his job in a professional and competent manner.

34. While employed by Defendants, Plaintiff was a non-exempt employee as that term is defined by the FLSA.

35. Defendant MBO, at the direction of FPL, fraudulently issued Plaintiff a 1099 instead of a W-2.

36. As a result of not being a W-2 employee, Plaintiff did not receive benefits he was otherwise entitled to, including but not limited to, the following: health insurance; disability insurance; dental insurance; holiday pay; vacation pay; sick pay; matching retirement contributions, and; contributions toward his pension.

37. However, because Plaintiff was issued a 1099, he was required to carry liability insurance, professional liability insurance, worker's compensation insurance and other insurance that W-2 employees were not required maintain.

38. Plaintiff was further required to pay for his own professional credentials, including his professional license, for which all W-2 employees were reimbursed but he was not.

39. Plaintiff has exhausted all administrative remedies, if any, for this action and all conditions precedent to the filing of this action have been fulfilled and met by Plaintiff or waived by Defendants.

40. Plaintiff has retained the undersigned law firm to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
**(Against Both Defendants)**

Plaintiff re-alleges Paragraphs 1 through 40 as set forth herein.

41. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

42. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks he was employed with the Defendants.

43. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

44. Defendants failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

45. Defendants' failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which he was not compensated in the preceding period of time.

46. Defendants' failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

47. As a direct and proximate result of the Defendants' actions, Plaintiff has obtained counsel to represent his in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

48. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages.

49. As a result of Defendants' conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendants as follows: Plaintiff be awarded general and compensatory damages,

liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit; that a declaratory judgment be issued under Fed. R. Civ. P. 57; Plaintiff be awarded actual damages or a minimum of $5,000.00 penalty (whichever is greater) pursuant to 26 U.S.C. § 7434(b); and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF FDUTPA
### (Against Both Defendants)

50. Plaintiff re-alleges Paragraphs 1 through 40 as set forth herein.

51. The actions of Defendants are unfair and deceptive trade practices prohibited by Florida Statutes.

52. Defendants knew that Plaintiff was not an independent contractor and was, instead, an employee.

53. This fraudulent and unlawful practice of intentionally misclassifying Plaintiff's position as an independent contractor position serves to enhance Defendants' gross revenues by avoiding federal payroll and unemployment tax obligations while prejudicing law-abiding competing businesses.

54. As a direct and proximate result of Defendants' acts, Plaintiff suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendants as follows: Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit; that a declaratory judgment be issued under Fed. R. Civ. P. 57; Plaintiff be awarded actual damages or a minimum of $5,000.00 penalty

(whichever is greater) pursuant to 26 U.S.C. § 7434(b); and that Plaintiff be awarded other and further relief as the Court deems just and proper.

### COUNT III
### VIOLATION OF 26 U.S.C. Sec. 7434
### (Against Both Defendants)

55.  Plaintiff re-alleges Paragraphs 1 through 40 as set forth herein.

56.  Defendants violated 26 U.S.C. Sec. 7434 by willfully filing fraudulent information returns.

57.  Defendant MBO, at the direction of Defendant FPL, issued Plaintiff several 1099s.

58.  Defendants did not issue Plaintiff a W-2.

59.  Defendants were supposed to issue Plaintiff a W-2 since his employment began in 2006.

60.  Plaintiff is entitled to damages resulting in harm to him for Defendants' violation of this statute.

61.  As a direct and proximate result of Defendants' acts, Plaintiff suffered and continues to suffer damages.

62.  Pursuant to 26 U.S.C. Sec. 7434(d), a copy of this Amended Complaint was served on the U.S. Internal Revenue Service, 1700 Palm Beach Lakes Blvd., West Palm Beach, FL 33401.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendants as follows: Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit; that a declaratory judgment be issued under Fed. R.

Civ. P. 57; Plaintiff be awarded actual damages or a minimum of $5,000.00 penalty (whichever is greater) pursuant to 26 U.S.C. § 7434(b); and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands a jury trial on and for all issues so triable.

Respectfully submitted this 21st day of September, 2017.

## **CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing was served by electronic filing on September 21, 2017 on all counsel or parties of record on the Service List below.

s/Allison B. Duffie
Allison B. Duffie, Esq.
Florida Bar No. 649902
Primary e-mail: Aduffie@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
SCOTT WAGNER & ASSOCIATES, P.A.
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone:   (561) 653-0008
Facsimile:    (561) 653-0020
Secondary Address:  101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com

**SERVICE LIST**
**CASE NO. 9:17-cv-80948-RLR**

Christin M. Russell, Esq.
Florida Bar No. 51485
christin.russell@fpl.com
Ellen S. Malasky, Esq.
Florida Bar No. 724599)
ellen.malasky@fpl.com
FPL Law Department
700 Universe Boulevard
Juno Beach, Florida 33408
Telephone (561) 691-7701