IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-cv-80948-RLR

DAVID JACK WILKINSON,

    Plaintiff,

v.

FLORIDA POWER & LIGHT COMPANY,
a Florida profit corporation, and MBO
PARTNERS, INC., a foreign profit corporation

    Defendants.
_____/

**DEFENDANTS, FLORIDA POWER & LIGHT COMPANY'S AND MBO PARTNERS, INC.'S, RENEWED JOINT MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STAY, AND COMPEL ARBITRATION**

Defendants, FLORIDA POWER & LIGHT COMPANY ("FPL") AND MBO PARTNERS, INC. ("MBO") (collectively, "Defendants"), by and through the undersigned counsel, and pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, Rules 12(b)(6)-(7) and 19, Fed.R.Civ.P., and Local Rule 7.1, S.D. Fla., hereby renew their motion to dismiss, or, in the alternative, to stay proceedings herein and compel arbitration of claims asserted against Defendants by Plaintiff, DAVID JACK WILKINSON in his First Amended Complaint [DE 12].

*Wilkinson v. NextEra Energy, Inc.*
Case No. 9:17-cv-80948-RLR
Defendants, FPL's and MBO's, Renewed Joint Motion to Dismiss and/or Stay and Compel Arbitration

## BACKGROUND

1. Plaintiff filed this suit against FPL and MBO alleging violations of the Fair Labor Standards Act ("FLSA"), Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), and 26 U.S.C. § 7434 ("Section 7434"). Pl. First Am. Compl. [DE 12]. Plaintiff claims he was misclassified as an independent contractor, and that FPL and MBO are his joint employers. *Id*. at ¶¶ 7-8, 12-16.

2. Plaintiff's claims against FPL and MBO are intertwined in that they are substantially interdependent and allege concerted misconduct by both FPL and MBO. *Id*.

3. Plaintiff performed services on behalf of FPL pursuant to a "Contractor Agreement" between MBO and Plaintiff's company, Nuplant Services, Inc. Decl. of David Cassar (Nov. 20, 2017), ¶ 4 & Exh. 1 [DE 35-1].

4. MBO is a signatory to the Contractor Agreement. *Id*. at Exh. 1, p.7.

5. Plaintiff is also a signatory to the Contractor Agreement, having executed it by electronic signature on August 26, 2013. *Id.* at Exh. 1, p. 7.

6. The Contractor Agreement contains a provision compelling the parties to arbitrate disputes between them, which provides:

> 23. Arbitration
>
> The parties agree to arbitrate any and all disputes between them. The Parties agree that arbitration shall be

*Wilkinson v. NextEra Energy, Inc.*
Case No. 9:17-cv-80948-RLR
Defendants, FPL's and MBO's, Renewed Joint Motion to Dismiss and/or Stay and Compel Arbitration

> the exclusive method of resolving any and all disputes between them including but not limited to disputes arising out of or related to their relationship or dealings, under this Agreement, under state, federal or local or other law, under common law, or otherwise. To the maximum extent permitted by law, the Parties agree that they will bring any dispute only in an individual capacity, not as a plaintiff or class member in any purported class, group or representative proceeding. They also agree that the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative, group or class proceeding. For employment disputes, the arbitrator will follow the American Arbitration Association's ("AAA") "Employment Arbitration Rules and Mediation Procedures," currently available online at http://www.adr.org/sp.asp?id=32904 (web addresses are subject to change). For commercial disputes, the arbitrator will follow the AAA's "Commercial Arbitration Rules and Mediation Procedures," which are currently available online at http://www.adr.org/sp.asp?id=22440 (web addresses are subject to change). For any other disputes, the arbitrator will follow the applicable AAA rules as determined by the arbitrator. If an arbitrator cannot be appointed under AAA rules, then the Parties will mutually select an arbitrator, who shall adopt rules that will permit arbitration of the dispute. If the parties cannot mutually select an arbitrator, then either Party may petition an established alternative dispute resolution organization to appoint an arbitrator, who shall adopt rules that will permit arbitration of the dispute. The arbitrator must follow applicable arbitration rules unless doing so would violate any applicable statute.

*Id.*, Exh. 1, ¶ 23.

*Wilkinson v. NextEra Energy, Inc.*
Case No. 9:17-cv-80948-RLR
Defendants, FPL's and MBO's, Renewed Joint Motion to Dismiss and/or Stay and Compel Arbitration

7. In support of his Section 7434 claim, Plaintiff asserts that he was issued Form 1099s instead of Form W-2s. *Id*. at ¶¶ 35, 57-60. However, Plaintiff's claim under Section 7434 fails to state a claim as a matter of law, since Plaintiff does not allege that the Form 1099s fraudulently stated an incorrect amount.

8. Plaintiff also fails to name an indispensable party, Nuplant Services, Inc. ("Nuplant"). First, the 2016 Form 1099 was issued to Nuplant Services, Inc. ("Nuplant"), and not to Plaintiff. *See* Form 1099 at [DE 36][1]. Because Nuplant may be responsible for the alleged FDUTPA violations, Nuplant is an indispensable party.

9. On December 4, 2017, after reaching a full, final and global settlement of all of Plaintiff's claims against Defendants, the Parties advised the Court that they had "agreed to settle the above captioned action in its entirety." [DE 37]  On December 6, 2017, the Court instructed the Parties to file any appropriate pleadings related to dismissal of this action on or before January 5, 2018 [DE 38].

---

[1] This Form 1099 was provided by Plaintiff to FPL at an early stage of the lawsuit.  Since Plaintiff references this document in his First Amended Complaint and the document is central to Plaintiff's claim and its authenticity is not challenged, it may be considered without treating this motion as one for summary judgment. *McClure v. Oasis Outsourcing II, Inc.*, 674 Fed. App'x. 873, 875 (11th Cir. Dec. 29, 2016) (*citing SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010)).

*Wilkinson v. NextEra Energy, Inc.*
Case No. 9:17-cv-80948-RLR
Defendants, FPL's and MBO's, Renewed Joint Motion to Dismiss and/or Stay and Compel Arbitration

10. Subsequently, the Parties engaged in communications regarding the non-material terms of settlement agreement. At Plaintiff's request, Defendants provided a draft settlement agreement for Plaintiff's review on December 14, 2017. On January 3, 2018, counsel for Plaintiff advised that Plaintiff no longer wished to settle his claim under 26 U.S.C. § 7434 [DE 12, Count III] as part of the agreed to settlement. The Parties engaged in conferral on the issue through January 4, 2018, and were advised on that date that Plaintiff also no longer wished to settle his claim under Florida's Deceptive and Unfair Trade Practices Act [DE 12, Count II] as part of the agreed to settlement.

11. In light of Plaintiff's attempt to renege on the parties' settlement agreement, Defendants respectfully renew their request that this Court issue an order compelling arbitration and dismissing, or in the alternative staying, the current action. In an abundance of caution, and so as to preserve Defendants' defenses, FPL and MBO also move to dismiss Plaintiff's First Amended Complaint on substantive grounds.

## STANDARD OF REVIEW

A party to a written agreement which involves interstate commerce and which contains an arbitration clause has a right to petition the Court to issue an order compelling arbitration. 9 U.S.C. § 4. In enacting the Federal Arbitration

*Wilkinson v. NextEra Energy, Inc.*
Case No. 9:17-cv-80948-RLR
Defendants, FPL's and MBO's, Renewed Joint Motion to Dismiss and/or Stay and Compel Arbitration

Act, Congress demonstrated a "liberal federal policy favoring arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991). Therefore, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitrations." *Moses H. Cone Mem.'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

In considering a motion to dismiss brought under Rule 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570).

A complaint may be dismissed pursuant to Rule 12(b)(7) if the plaintiff fails to join a party indispensable to the litigation pursuant to Rule 19. *Colony Ins. Co. v. De Robles*, No. 08-61856-CIV, 2009 WL 10667577, at *2 (S.D. Fla. Apr. 17, 2009) (citations omitted).

*Wilkinson v. NextEra Energy, Inc.*
Case No. 9:17-cv-80948-RLR
Defendants, FPL's and MBO's, Renewed Joint Motion to Dismiss and/or Stay and Compel Arbitration

## LEGAL ARGUMENT

A. <u>Plaintiff's claims are subject to arbitration</u>.

The parties broadly agreed to "arbitrate any and all disputes between them", including any and all "employment disputes." *See* DE 35-1, at Exh. 1, ¶ 23. That agreement is enforceable with respect to all of Plaintiff's claims, including claims brought under the FLSA. *Walthour v. Chipio Windshield Repair LLC*, 745 F.3d 1326, 1332 (11th Cir. 2014).

Plaintiff's claims against FPL are also arbitrable because they are intertwined with the claims against MBO. As the Eleventh Circuit explained in *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942 (11th Cir. 1999):

> Existing case law demonstrates that equitable estoppel allows a non-signatory to compel arbitration in two different circumstances. First, equitable estoppel applies when the signatory to a written agreement containing an arbitration clause "must rely on the terms of the written agreement in asserting [its] claims" against the non-signatory. When each of a signatory's claims against a non-signatory "makes reference to" or "presumes the existence of" the written agreement, the signatory's claims "arise out of and relate directly to the written agreement," and arbitration is appropriate. Second, "application of equitable estoppel is warranted when the signatory to the contract containing the arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the signatory and one or more of the signatories to the contract." Otherwise, "the arbitration proceedings between the two signatories

Case 9:17-cv-80948-RLR   Document 41   Entered on FLSD Docket 01/10/2018   Page 8 of 11

*Wilkinson v. NextEra Energy, Inc.*
Case No. 9:17-cv-80948-RLR
Defendants, FPL's and MBO's, Renewed Joint Motion to Dismiss and/or Stay and Compel Arbitration

> would be rendered meaningless and the federal policy in favor of arbitration affectively thwarted."

*Id.* at 947 (citations omitted; elipses and brackets omitted). The claims Plaintiff has asserted against MBO and FPL are clearly intertwined. The First Amended Complaint asserts the same wrongful conduct against each Defendant. Arguably, the claims are also dependent upon the Contractor Agreement, as that is the only contract pursuant to which Plaintiff performed services for either MBO or FPL.

B.  <u>Plaintiff's claim under 26 U.S.C. § 7434 fails to state a claim as a matter of law.</u>

Plaintiff asserts that FPL and MBO "were supposed to issue Plaintiff a W-2…". First Am. Compl. ¶¶ 56-58. However, these facts do not support a claim under Section 7434 as a matter of law.

Section 7434 does not "permit recovery for a mere misclassification of an employee and consequent filing of the incorrect form. Section 7434(e) requires that an order awarding damages under Section 7434(a) find 'the correct amount which should have been reported in the information return.'" *Vera v. Challenger Air Corp., et al.*, No. 16-CV-62354, 2017 WL 2591946, at *2 (S.D. Fla. June 15, 2017); *see also Tran v. Tran*, 239 F. Supp. 3d 1296 (M.D. Fla. 2017), *reconsideration denied*, (M.D. Fla. 2017) (holding that merely filing the "wrong form [1099 vs. W-2] establishes no liability under Section 7434 unless the form

*Wilkinson v. NextEra Energy, Inc.*
Case No. 9:17-cv-80948-RLR
Defendants, FPL's and MBO's, Renewed Joint Motion to Dismiss and/or Stay and Compel Arbitration

willfully misstates the payee's income"). Plaintiff has not alleged that FPL or MBO misrepresented the amount paid to Plaintiff, and so his claim should be dismissed with prejudice.

Furthermore, the 2016 Form 1099 was not issued to Plaintiff and so he lacks standing to assert a Section 7434 claim. *See* DE 36; *Vazquez v. Joseph Cory Holdings, LLC*, No: 6:16–cv–1307–Orl–40TBS, 2017 WL 819919, at *4 (M.D. Fla. Mar. 2, 2017). Accordingly, Plaintiff's Section 7434 claim should be dismissed.

C.  <u>Plaintiff fails to name an indispensable party, and thus his First Amended Complaint must be dismissed.</u>

Plaintiff asserts that MBO and FPL engaged in unfair or deceptive trade practices in violation of FDUTPA. However, Plaintiff has not sued Nuplant, the organization to whom MBO issued the 2016 Form 1099. Plaintiff sets forth no allegations which detail how FPL and MBO engaged in this deceptive trade practice together, and based on Plaintiff's own allegations and the Form 1099 (DE 36), Nuplant is, at least in part, responsible for any alleged FDUTPA violations.

Rule 19 provides, in relevant part:

> A person…must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:…(ii) leave an existing part subject to a substantial risk of

Case 9:17-cv-80948-RLR   Document 41   Entered on FLSD Docket 01/10/2018   Page 10 of 11

*Wilkinson v. NextEra Energy, Inc.*
Case No. 9:17-cv-80948-RLR
Defendants, FPL's and MBO's, Renewed Joint Motion to Dismiss and/or Stay and Compel Arbitration

incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 19(a)(1), Fed.R.Civ.P.

"[A] joint tortfeasor will be considered a necessary party when the absent party 'emerges as an active participant' in the allegations made in the complaint that are 'critical to the disposition of the important issues in the litigation.'" *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 848 (11th Cir. 1999) (*quoting Haas v. Jefferson National Bank*, 442 F.2d 394, 398 (5th Cir. 1971)). Here, the allegations and facts central to Plaintiff case demonstrate that Nuplant is an active participant in the alleged fraud and thus is responsible for Plaintiff's FDUTPA damages. Continuing this action without Nuplant could result in inconsistent obligations for FPL and MBO, and would prejudice to FPL and MBO. Accordingly, Plaintiff's First Amended Complaint should be dismissed for failure to name an indispensable party.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss, or in the alternative, stay the proceedings herein and compel arbitration of Plaintiff's claims pursuant to the arbitration clause in the Contractor Agreement. Should the Court decline to compel arbitration, the Defendants respectfully request that the Court dismiss Plaintiff's First Amended Complaint for failure to state a

*Wilkinson v. NextEra Energy, Inc.*
Case No. 9:17-cv-80948-RLR
Defendants, FPL's and MBO's, Renewed Joint Motion to Dismiss and/or Stay and Compel Arbitration

claim and for failure to name an indispensable party, and grant Defendants any other relief deemed necessary and proper.

Dated: January 10, 2018               Respectfully submitted,

| /s/ Christin M. Russell | /s/ Richard D. Tuschman |
|---|---|
| Christin M. Russell, Esq. (FBN 51485) | Richard D. Tuschman, Esq. (FBN 907480) |
| christin.russell@fpl.com | rtuschman@gtemploymentlawyers.com |
| Ellen S. Malasky, Esq. (FBN 724599) | assistant@gtemploymentlawyers.com |
| ellen.malasky@fpl.com | RICHARD D. TUSCHMAN, P.A. |
| FPL LAW DEPARTMENT | 8551 W. Sunrise Boulevard, Suite 303 |
| 700 Universe Boulevard LAW/JB | Plantation, Florida 33322 |
| Juno Beach, Florida 33408 | Telephone: (954) 369-1050 |
| Telephone (561) 691-7701 | Facsimile: (954) 380-8938 |
| Counsel for Defendant FPL | Counsel for Defendant MBO Partners, Inc. |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on January 10, 2018 on all counsel or parties of record on the Service List below.

/s/ Christin M. Russell
Christin M. Russell, Esq.

## Service List

Allison B. Duffie, Esq. (FBN 649902)
ADuffie@scottwagnerlaw.com
mail@scottwagnerlaw.com
SCOTT WAGNER & ASSOC., P.A.
101 Northpoint Parkway
West Palm Beach, FL 33407
Telephone: (561) 653-0008
Facsimile: (561) 653-0020
Counsel for Plaintiff

*Wilkinson v. NextEra Energy, Inc.*
Case No. 9:17-cv-80948-RLR
Defendants, FPL's and MBO's, Renewed Joint Motion to Dismiss and/or Stay and Compel Arbitration

claim and for failure to name an indispensable party, and grant Defendants any other relief deemed necessary and proper.

Dated: January 10, 2018               Respectfully submitted,

| /s/ Christin M. Russell | /s/ Richard D. Tuschman |
|---|---|
| Christin M. Russell, Esq. (FBN 51485) | Richard D. Tuschman, Esq. (FBN 907480) |
| christin.russell@fpl.com | rtuschman@gtemploymentlawyers.com |
| Ellen S. Malasky, Esq. (FBN 724599) | assistant@gtemploymentlawyers.com |
| ellen.malasky@fpl.com | RICHARD D. TUSCHMAN, P.A. |
| FPL LAW DEPARTMENT | 8551 W. Sunrise Boulevard, Suite 303 |
| 700 Universe Boulevard LAW/JB | Plantation, Florida 33322 |
| Juno Beach, Florida 33408 | Telephone: (954) 369-1050 |
| Telephone (561) 691-7701 | Facsimile: (954) 380-8938 |
| Counsel for Defendant FPL | Counsel for Defendant MBO Partners, Inc. |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on January 10, 2018 on all counsel or parties of record on the Service List below.

/s/ Christin M. Russell
Christin M. Russell, Esq.

## Service List

Allison B. Duffie, Esq. (FBN 649902)
ADuffie@scottwagnerlaw.com
mail@scottwagnerlaw.com
SCOTT WAGNER & ASSOC., P.A.
101 Northpoint Parkway
West Palm Beach, FL 33407
Telephone: (561) 653-0008
Facsimile: (561) 653-0020
Counsel for Plaintiff