**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT**

**CASE NO. 9:17-cv-80948-RLR**

DAVID JACK WILKINSON,

    Plaintiff,

v.

FLORIDA POWER & LIGHT COMPANY,
a Florida profit corporation, and MBO
PARTNERS, INC., a foreign profit corporation

    Defendants.

_____/

**MOTION TO WITHDRAW AS COUNSEL**

Scott Wagner & Associates, P.A., pursuant to Rule 4-1.16(b), Rules of Professional Conduct, Rules Regulating the Florida Bar, and Local Rule 11.1(d)(3), the undersigned, on behalf of themselves and of Scott Wagner & Associates, P.A. move to withdraw as counsel for Plaintiff, DAVID JACK WILKINSON, submits this Motion, and as grounds would show:

    1.    Florida Bar Rule of Professional Conduct 4-1.16(b) provides that a lawyer

    *may* withdraw from representing a client if:

    (1) withdrawal can be accomplished without material adverse effect on the interests of the client;

    (2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;

    (3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

    (4) the representation will result in an unreasonable financial burden on

        the lawyer or has been rendered unreasonably difficult by the client; or

        (5) other good cause for withdrawal exists. [Emphasis added.]

2. Scott Wagner & Associates, P.A. respectfully submits that circumstances warranting withdrawal under 4-1.16(a)(1), 4-1.16(b)(2) have arisen in this case. In particular, without waiving attorney-client privilege, the communication between the attorney and client are strained and lacking such that the firm cannot meaningfully represent and provide advice to the client. The undersigned informed the client that he must correspond with the firm not only by email but also by phone or in person. The firm's position is that e-mail only communication is not agreeable or appropriate since it does not allow for a fuller explanation, expression of tone, or an efficient back and forth dialogue. The firm has repeatedly asked the client to speak to them in person or over the phone. There are complex and important settlement and strategy issues which in the firm's opinion cannot be handled solely by email. The firm has communicated their position to the client, via email numerous times from January 12, 2018, to February 6, 2018. The client remains unpersuaded and steadfast in his position that he will only communicate by email. The firm agreed to include email as a mode of commination, but does require at least infrequent calls to discuss more complex matters. Mr. Wilkinson does not agree.

3. The firm is concerned that without phone or in person meetings their ethical obligations to advise and update the client are compromised.

4. As such, Scott Wagner & Associates, P.A. asserts compelling situation

      exist, warranting withdrawal.

5. Prior to moving to withdraw the undersigned has confirmed that all current pending discovery deadlines have been complied with the best of counsel's ability, and that the firm gave notice to Plaintiff of their intent to file this Motion following its termination of their services. Plaintiff acknowledged the withdraw and has been apprised of current deadlines and obligations.

6. Future pleadings in this matter should be sent to: David Jack Wilkinson, 4405 Wahli Drive, Knoxville, TN 37918, jackwilkin@yahoo.com.

7. The parties have conferred regarding the relief sought herein and Defendants have no objection to this relief,

WHEREFORE, the undersigned and Scott Wagner & Associates, P.A. respectfully request entry of an Order:

a. granting this Motion to Withdraw; and

b. relieving the undersigned and SCOTT WAGNER & ASSOCIATES, P.A. from any further responsibilities for representing the Defendants in this matter.

c. Staying the case for thirty (30) days to allow Mr. Andrews to obtain alternative counsel or elect to proceed pro se;

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by electronic filing on February 8, 2018 on all counsel or parties of record on the Service List below.

                              s/Cathleen Scott
                              Cathleen Scott, Esq.

        Florida Bar No. 135331
        Lindsey Wagner, Esq.
        Primary e-mail: CScott@scottwagnerlaw.com
        Secondary e-mail: mail@scottwagnerlaw.com
        Florida Bar No. 649902
        Primary e-mail: LWagner@scottwagnerlaw.com
        Secondary e-mail: mail@scottwagnerlaw.com
        Allison B. Duffie, Esq.
        Florida Bar No. 649902
        Primary e-mail: Aduffie@scottwagnerlaw.com
        Secondary e-mail: mail@scottwagnerlaw.com
        SCOTT WAGNER & ASSOCIATES, P.A.
        250 South Central Boulevard
        Suite 104-A
        Jupiter, FL 33458
        Telephone:    (561) 653-0008
        Facsimile:    (561) 653-0020
        Secondary Address:  101 Northpoint Parkway
        West Palm Beach, FL 33407
        www.ScottWagnerLaw.com

## SERVICE LIST
## CASE NO. 9:17-cv-80948-RLR

Christin M. Russell, Esq.
Florida Bar No. 51485
christin.russell@fpl.com
Ellen S. Malasky, Esq.
Florida Bar No. 724599)
ellen.malasky@fpl.com
FPL Law Department
700 Universe Boulevard
Juno Beach, Florida 33408
Telephone (561) 691-7701
*Counsel for Florida Power & Light Company*

Richard D. Tuschman, Esq.
Florida Bar No. 907480
E-mail: rtuschman@gtemploymentlawyers.com
2nd E-mail: assistant@gtemploymentlawyers.com
RICHARD D. TUSCHMAN, P.A.
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida 33322
Tel.: (954) 369-1050 | Fax.: (954) 380-8938
*Counsel for Defendant MBO Partners, Inc.*

David Jack Wilkinson
4405 Wahli Drive
Knoxville, TN 37918
jackwilkin@yahoo.com
*Via Email*