David Jack Wilkinson, Pro se                                             September 7, 2021

4405 Wahli Drive

Knoxville, Tn 37918


Angela E. Noble

Clerk of Court

United States District Court

400 North Miami Avenue, Room 8N09

Miami, FL 33128-7716


Re: Wilkinson vs Nextera Energy et al Case No. 17-CV-80948


Dear Ms. Noble,

Regarding your letter of August 26, 2021, thank you for informing me of the conflict of interest Judge Robin Rosenberg had which should have disqualified her from the case and should require her recusal and retrial. I agree with the conclusion – she should recuse herself and a new judge be assigned.

Nextera chose to retain me as a contractor for nearly 11 years from June 2006 to March 2017 rather than hire me as a full time employee to avoid providing benefits to me in the form of a pension, 401K contributions, proper overtime pay, holidays, vacation pay and other benefits afforded to direct employees.

My case was affected by this conflict of interest in many ways including the fact that had I received a fair and impartial judge on the case and won then Nextera stock value would have been impacted as they would have had to compensate me with benefits similar to a full time employee since I was there for 11 years and potentially deal with many forthcoming lawsuits on the matter since many contractors had similar long time contract issues at the company and would have been eligible for the compensation if this case had been impartially ruled on.

What was also occurred was that my testimony was suppressed relating the type of work I did at Nextera working on the PTN 6&7 Project also known as the new nuclear plant project. This testimony would have caused another significant impact on NextEra Energy stock prices dealing with the misuse and misrepresentation that Nextera used in regard to the 2006 Florida Nuclear Recovery Act that allowed Nextera to recover hundreds of millions of dollars on the PTN 6&7 Nuclear Project that was never built. I worked on the project from 2006 until I was let go in 2017. Nextera never intended to build the new nuclear plants from day 1 of the project and should be forced to pay these funds back to the electric customers as other utilities such as Duke Energy and SCANA have had to do.

Part of my testimony about my work there would have included revelation that Nextera Energy never had any intention of building the nuclear plants and only intended to achieve issuance of the NRC COL permit to have ready just in case the PTN Units 3&4 did not receive a 20 year license extension. The claim of building a new plant was just a strategy to have a back-up plan in case the current nuclear plant licenses did not get extended. This would have affected Nextera stock values.

My testimony would have also shown that Nextera also used deceptive practices in the site selection process to find that the current Port St Lucie and Turkey Point Sites were the top sites for the new plant. About half-way through the site selection process the vendor performing the site selection process indicated that neither of the current sites at St. Lucie and Turkey Point were in the top sites in the selection process. Other sites in the state were showing up as favorable sites. Nextera was concerned that the public image of the current sites not being the top sites would cause a public image problem that the current sites are not good sites and would give intervenor groups the ability to argue that the current nuclear plants sites are not compatible and the plants should be closed and told the vendor to make sure that the Turkey Point site and St Lucie sites would show up as the top sites out of the sites available across the state. In later evolutions the St. Lucie and Turkey Point Sites would emerge as the top sites despite population density around the sites and environmental issues such as increasing sea level rise, Biscayne Bay, crocodile Habitat and Everglades proximity. This would have affected Nextera Energy stock prices.

Other testimony involving my work at Nextera would have revealed that the current salt intrusion into the fresh water aquifers at the existing Turkey Point plant is a financial decision that Nextera does not want to address by fixing the problem by adding cooling towers. During the development of the new plant cooling processes, it was determined that there was not enough cooling capacity on the man-made canal system at Turkey point and that putting in heated water from the plants would cause more evaporation and cause the salt water intrusion to extend inland more that it is now. For that reason, cooling towers were determined to be the best approach with re-use water from Miami Dade sewage treatment facilities that are currently being injected 3,000 feet down into the bolder zone. This solution to the salt intrusion into the drinking water near Florida City is available to Nextera now but they do not wish to install cooling towers at the site due to the cost and would rather use their political connections to just keep using the existing system going although damage is occurring to the drinking water aquifer in the area. This also would have affected Nextera stock prices.

Please let me know of any developments.

Yours,

David Jack Wilkinson

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Angela E. Noble
Court Administrator · Clerk of Court

400 North Miami Avenue, Room 8N09
Miami, Florida 33128-7716
(305) 523-5100

August 26, 2021

Mr. David Jack Wilkinson
4405 Wahli Drive
Knoxville, TN 37918

Christin Marie Russell, Esq.
Florida Power & Light
700 Universe Boulevard
Juno Beach, FL 33408

Ellen Steingesser Malasky, Esq.
Florida Power & Light
700 Universe Boulevard, PO Box 14000
Juno Beach, FL 33408-0420

Richard David Tuschman, Esq.
8551 W. Sunrise Boulevard, Suite 303
Plantation, FL 33322

In re: David Jack Wilkinson v. Nextera Energy, Inc. et al., Case No. 17-CV-80948

Dear Messrs. Wilkinson and Tuschman and Ms. Russell and Ms. Malasky:

I have been contacted by Judge Robin L. Rosenberg who presided over the above-mentioned case.

Judge Rosenberg informed me that it has been brought to her attention that while she presided over the case, her husband owned stock in Nextera Energy. Her husband's ownership of stock neither affected nor impacted her decisions in this case. However, her husband's stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Rosenberg directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]   judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

---

*"It is our honor and duty to provide the support necessary to enable the Court as an institution to fulfill its constitutional, statutory, and societal responsibilities for all who seek Justice."*

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Rosenberg's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before **September 26, 2021**. Any response will be considered by another judge of this court without the participation of Judge Rosenberg.

Sincerely,

*[signature]*

Angela E. Noble
Court Administrator · Clerk of Court

---

*"It is our honor and duty to provide the support necessary to enable the Court as an institution to fulfill its constitutional, statutory, and societal responsibilities for all who seek Justice."*



